IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRUCE ROBINSON, ERNEST PARKS,
BRETT SWAFFORD, DAVID FRANK,
ERIC BUENAFE, ANTHONY SMITH,
JOHN GRAHAM, TIMOTHY BUFORD,
GEORGE POWELL, HAROLD HANEY,
LISA DEFEHA, and PATRICA DAVIS,

   Plaintiffs,      No. CIV S-07-0140 WBS DAD P

  vs.

R.N. PURCELL, et al.,

   Defendants.    ORDER

_____/

   Plaintiffs, twelve pretrial detainees confined in the Solano County Jail, have filed a complaint seeking relief pursuant to 42 U.S.C. § 1983. Although the caption of the complaint identifies twelve plaintiffs by name, the complaint has been signed by only nine of the plaintiffs, and plaintiffs' motion for preliminary injunction is unsigned. The filing fee has not been paid, and an application to proceed in forma pauperis has been submitted only for plaintiff Bruce Robinson.

   Plaintiffs describe their complaint as a class action lawsuit for monetary and injunctive relief brought against the Solano County Jail, the Solano County Sheriff's Department

1

and Department officials, the County of Solano, and the State of California. Plaintiffs allege violations of rights guaranteed by the Equal Protection Clause and the Fourteenth Amendment of the United States Constitution as well as by state law. Plaintiffs describe themselves as a class of pretrial detainees who are either medically disabled and pre- or post-operative medical patients or temporarily or permanently disabled medically housed inmates. Plaintiffs assert that pretrial detainees in this class have been discriminated against, denied equal treatment, and subjected to arbitrary and purposeless conditions and restrictions. The named plaintiffs allege that they cannot represent the class but seek class certification and appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the twelve plaintiffs have not demonstrated that they are indigent, and their complaint does not demonstrate the existence of exceptional circumstances. Plaintiffs' request for appointment of counsel will therefore be denied.

It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when the putative class representatives are in custody and are proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). The five plaintiffs in this case cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). This action cannot proceed as a class action, and the court will construe the case as an individual civil suit brought by twelve individuals.

Under the rules that govern civil cases in federal court, parties may be dropped or added by order of the court of its own initiative at any stage of the action and on such terms as

1  are just, and any claim against a party may be severed and proceeded with separately. Fed. R.
2  Civ. P. 21. Courts have broad discretion regarding severance. See Davis v. Mason County, 927
3  F.2d 1473, 1479 (9th Cir. 1991).
4        In this court's experience, an action brought by multiple inmate plaintiffs
5  proceeding pro se presents procedural problems that cause delay and confusion. Delay often
6  arises from transfer of inmates, changes in address when inmates are released, and difficulties
7  faced by inmates who attempt to communicate with each other in the same institution and with
8  unincarcerated individuals. Accordingly, the court finds that each plaintiff should proceed
9  separately on his or her own claims.
10       Plaintiff Bruce Robinson will proceed in this action. Plaintiffs Ernest Park, Brett
11 Swafford, David Frank, Eric Buenafe, Anthony Smith, John Graham, Timothy Buford, and
12 George Powell will proceed in eight new civil actions to be opened by the Clerk of the Court
13 pursuant to this order. Each of these nine plaintiffs will proceed with his own individual action
14 and will be solely responsible for his own case. No actions will be opened for Harold Haney,
15 Lisa Defeha, and Patrica Davis, the three named plaintiffs who did not sign the complaint.
16       The Clerk of the Court will be directed to assign the eight new actions to the same
17 district judge and magistrate judge assigned to this action. The Clerk will also be directed to
18 make appropriate adjustment in the assignment of civil cases to compensate for the reassignment.
19       Each of the nine plaintiffs will be given thirty days to file, in his own action, an
20 amended complaint presenting only his individual claims. Each plaintiff is required to use the
21 complaint form provided by the court with the plaintiff's copy of this order. Each of the eight
22 plaintiffs for whom new actions are opened must also pay the $350.00 filing fee for his action or
23 submit a properly completed application to proceed in forma pauperis. A plaintiff who seeks
24 leave to proceed in forma pauperis must use the application form provided with this order. See
25 28 U.S.C. § 1915(b).
26 /////

In light of the fact that this action has been construed as an individual action and the class complaint has been dismissed with leave to amend, plaintiffs' unsigned motion for preliminary injunction based on the class complaint will be denied.

Plaintiff Robinson's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff Robinson's request for leave to proceed in forma pauperis will be granted.  Plaintiff Robinson is required by law to pay the statutory filing fee of $350.00 for this action in installments when funds are available.  See 28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $112.40 will be assessed by this order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff Robinson's jail trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff Robinson will be obligated to make monthly payments of twenty percent of the preceding month's income credited to his jail trust account.  These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff Robinson's jail trust account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff Bruce Robinson shall proceed as the sole plaintiff in this case.

2. Plaintiff Robinson's January 22, 2007 application to proceed in forma pauperis is granted.

3. Plaintiff Robinson is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee of $112.40.  All fees shall be collected and paid in accordance with this court's order to the Commander of the Solano County Jail filed concurrently herewith.

4. The motion for preliminary injunction filed in this action on January 22, 2007, is denied.

/////

5. The claims of Harold Haney, Lisa Defeha, and Patrica Davis are disregarded due to the failure of these three individuals to sign the complaint.

6. The claims of plaintiffs Ernest Park, Brett Swafford, David Frank, Eric Buenafe, Anthony Smith, John Graham, Timothy Buford, and George Powell are severed.

7. The Clerk of the Court is directed to:

   a. Open eight separate civil actions for plaintiffs Ernest Park, Brett Swafford, David Frank, Eric Buenafe, Anthony Smith, John Graham, Timothy Buford, and George Powell;

   b. Assign each of the eight new actions to the district judge and magistrate judge to whom the present case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

   c. File and docket this order in this case and in the eight new cases opened for plaintiffs Ernest Park, Brett Swafford, David Frank, Eric Buenafe, Anthony Smith, John Graham, Timothy Buford, and George Powell;

   d. File and docket a copy of the complaint filed January 22, 2007, in the eight new cases opened for plaintiffs Ernest Park, Brett Swafford, David Frank, Eric Buenafe, Anthony Smith, John Graham, Timothy Buford, and George Powell; the in forma pauperis application and motion for preliminary injunction filed in this case shall not be filed in the eight new cases;

   e. Amend the caption of the complaint filed in each of the eight new cases to delete all plaintiffs' names except the name of the individual plaintiff proceeding in the newly opened action; and

   f. Send each plaintiff an endorsed copy of his own complaint bearing the amended caption and the case number assigned to his own individual action.

8. Each plaintiff's complaint is dismissed with leave to amend.

/////

1

9. Each plaintiff is granted thirty days from the date of this order to file an amended complaint in his own case, using the form provided with this order;

10. Each plaintiff except plaintiff Bruce Robinson is granted thirty days from the date of this order to pay the $350.00 filing fee or file a properly completed application to proceed in forma pauperis, using the form provided with this order.

11. Each plaintiff's subsequent filings must bear the docket number assigned to the plaintiff's own individual case, and each complaint must be labeled "Amended Complaint." Failure to file an amended complaint or, as to all plaintiffs except plaintiff Bruce Robinson, to pay the filing fee or file a properly completed application to proceed in forma pauperis will result in a recommendation that the plaintiff's action be dismissed without prejudice.

12. The Clerk of the Court is directed to send each plaintiff the form for filing a prisoner's civil rights action under 42 U.S.C. § 1983, and to provide each plaintiff except plaintiff Bruce Robinson with an Application to Proceed In Forma Pauperis By a Prisoner proceeding with a civil rights action.

DATED: January 31, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
robi0140.2

2